### EL PUEBLO *v.* RIVERA (*a*) ARABE.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 396.—Resuelto en noviembre 29, 1911.

DERECHO PENAL—ABUSO DE CONFIANZA—DENUNCIA INSUFICIENTE.—Es insuficiente para sostener una sentencia condenatoria por abuso de confianza la denuncia de la cual aparece que el acusado recibió en prenda o depósito una sortija para garantizar el pago de un dollar que prestó a la denunciante y que cuando ésta le devolvió el dollar y le exigió la devolución de la sortija el denunciado contestó que se le había perdido, pues en dicha denuncia no se alega que el acusado se apropiara fraudulentamente la sortija o la ocultara con la fraudulenta intención de aprovecharse de ella, cuyos requisitos son necesarios para que exista el delito de abuso de confianza.

Los hechos están expresados en la opinión.

La parte apelante no compareció.

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente causa se originó en la corte municipal de Salinas, y terminó allí por sentencia condenatoria que fué apelada para ante la Corte de Distrito de Guayama, la que por la suya de 18 de septiembre último condenó al acusado como culpable del delito de abuso de confianza, comprendido

en el artículo 449 del Código Penal, a la pena de diez dollars de multa y las costas, debiendo sufrir en defecto de pago de la multa, prisión por término de quince días.

Esa sentencia fué apelada para ante esta Corte Suprema y en el récord no ha venido pliego de excepciones ni escrito de exposición del caso, y tampoco el apelante ha hecho alegación alguna escrita u oral en apoyo del recurso; pero el Fiscal lo ha sostenido por el fundamento de que los hechos expuestos en la denuncia no constituyen el delito de abuso de confianza.

La denuncia dice así:

'Corte de Paz de Santa Isabel, P. R., United States of America, *SS*: The President of the United States. *El Pueblo de Puerto Rico* v. *José Rivera (Arabe)*. Yo, Lucrecia Pérez, vecina de Santa Isabel, calle de Muñoz Rivera, número —, de 16 años de edad, formulo denuncia contra José Rivera (Arabe) por delito de abuso de confianza, artículo 449—C. P., cometido de la manera siguiente: Que en marzo 13, y hora   *   *   *, del año de Nuestro Señor de mil novecientos once y. en la tienda del acusado del Distrito Judicial Municipal de Salinas, le entregué al referido José Rivera (Arabe) una sortija fin de siglo, con dos letras C. y G. en calidad de depósito, valorada en cinco dollars; tomándole un dollar para dárselo el día 19 del mismo mes, habiéndole llevado el dollar el referido día y diciéndome el acusado que se le había perdido la sortija; lo que comunico a la honorable corte para los fines de justicia, siendo testigos: Aniceto Sánchez y Francisco Cordero. Santa Isabel, P. R., a 28 de marzo de 1911. Lucrecia Pérez, Denunciante. Jurada ante mí hoy, 28 de marzo de 1911. Juan J. Monserrate, Juez de Paz.''

Tiene razón el Fiscal. Los hechos denunciados no constituyen el delito de abuso de confianza previsto en el artículo 449 del Código Penal que transcribimos literalmente a continuación:

"Artículo 449.—Toda persona encargada de cualesquiera bienes como depositario, arrendatario o inquilino, o con poder para enajenar o traspasar dichos bienes, que fraudulentemente se apropiare los mismos o sus productos o los ocultare con la fraudulenta intención.de emplearlos en su propia utilidad, será culpable de abuso de confianza."

Haciendo aplicación de dicho artículo al presente caso,

tenemos que el acusado recibió en prenda o depósito una sortija de Lucrecia Pérez, para garantizar el pago de un dollar que prestó a ésta; pero no aparece de la denuncia que aquél se apropiara fraudulentamente la sortija, o la ocultara con la fraudulenta intención de aprovecharse de ella, pues la denunciante no lo afirma, y solo expresa que cuando trató de devolverle a José Rivera el dollar prestado, le dijo que se le había perdido la sortija.

La denuncia pues, no contiene todos los elementos integrantes del delito de abuso de confianza de que se trata, y no puede servir de base a una sentencia condenatoria.

No pretendemos, como hemos dicho otras veces, que una denuncia contenga todos y cada uno de los elementos de una verdadera acusación; pero sí afirmamos que una y otra deben contener aquello que es esencial para la constitución del delito, lo que no sucede, repetimos, con la denuncia que sirvió de base al presente juicio.

Por las razones expuestas debe revocarse la sentencia apelada con las costas de oficio.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.